UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHERYL FENWICK,

    Plaintiff,

v.                                           CASE NO.  8:17-cv-615-T-26TGW

GOVERNMENT EMPLOYEES
INS. CO.,

    Defendants.
_____/

**O R D E R**

The Court considers this case *sua sponte* consistent with its obligation as a court of limited jurisdiction to inquire into its jurisdiction at the earliest possible stage of the proceedings.  See Kirkland v. Midland Mortgage Co., 243 F. 3d 1277, 1279-80 (11th Cir. 2001) (citing University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)); accord Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974-75 (11th Cir. 2005).  After doing so, the Court concludes that this case must be remanded for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c) (stating in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (Emphasis added.)

Where, as here, a plaintiff fails to specify the total amount of damages demanded, a defendant seeking removal based on diversity jurisdiction must establish by a

preponderance of the evidence that the amount in controversy exceeds the sum of $75,000.  See Tapscott v. MS Serv. Dealer Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996).  A defendant's mere conclusory allegation that the amount in controversy is satisfied without detailing the underlying facts supporting the allegation is insufficient to sustain the defendant's burden.  See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002).  In this case, Defendant, other than making a conclusory statement that the jurisdictional amount is satisfied, has wholly failed to sustain its burden of establishing by a preponderance of the evidence through the assertion of underlying facts that at the time it removed this case from state court on March 13, 2017, the amount in controversy in fact exceeded the amount of $75,000.  As in Leonard, "all  [Defendant] did was to fill the notice of removal with the type of unsupported assumptions we have held to be inadequate."  Id. at 972.

Accordingly, because the removal statute is to be narrowly construed with all uncertainties being resolved in favor of remand, see Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994), and because Defendant has failed to satisfy this Court through its Notice of Removal that the amount in controversy more likely than not exceeds the sum of $75,000, this Court lacks subject matter jurisdiction to proceed in this case.

It is, therefore, **ORDERED AND ADJUDGED** as follows:

1) The clerk is directed to remand this case to the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida.

2) The clerk is further directed to **CLOSE** this case after remand has been effected and to terminate any pending motions and deadlines

**DONE AND ORDERED** at Tampa, Florida, on March 15, 2017.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record